[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15056
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00021-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YULEXY HERNANDEZ,
JORGE REYES RUEDA,

Defendants-Appellants,

ROBERTO ORTIZ, SR.,
ROMELIO EVORA,
ROBERT ORTIZ, JR.,
JESUS SOSA-GONZALEZ,

Defendants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(May 6, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Yulexy Hernandez and Jorge Reyes Rueda appeal their convictions for conspiracy to manufacture more than 100 but no more than 999 marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(vii). The defendants argue that there is insufficient evidence to show that they participated in the marijuana growing conspiracy.[1]

"[T]he elements of the offense of conspiracy under 21 U.S.C. § 846 are: (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998). The government must prove that the defendant knew of the conspiracy and voluntarily participated in it. United States v. Guerra, 293 F.3d 1279, 1285 (11th Cir. 2002); see also Toler, 144 F.3d at 1428. Because a conspiracy is predominantly a mental crime, circumstantial

_____

[1]We review a challenge to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government. United States v. Toler, 144 F.3d 1423, 1428 (11th Cir. 1998). All reasonable inferences and credibility determinations are drawn in favor of the government. United States v. Ellisor, 522 F.3d 1255, 1271 (11th Cir. 2008). "'Because we recognize that the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, . . . sufficiency review requires only that a guilty verdict be reasonable, not inevitable, based on the evidence presented at trial.'" Id. (quoting United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007)). We will affirm a guilty verdict unless no reasonable trier of fact could have found guilt beyond a reasonable doubt. Toler, 144 F.3d at 1428.

2

evidence is frequently necessary to prove its elements, including participation. Toler, 144 F.3d at 1426; see also United States v. Pineiro, 389 F.3d 1359, 1368 (11th Cir. 2004). "Although mere association with conspirators and mere presence at the scene of a crime do not in themselves establish participation in a criminal conspiracy, a jury may properly consider both in conjunction with one another and with other facts to infer knowing and intentional participation." United States v. Brantley, 68 F.3d 1283, 1288 n.4 (11th Cir. 1995). This Court has considered a close personal relationship between cousins operating similar grow houses to be evidence supporting a finding of voluntary participation in the conspiracy. See Pineiro, 389 F.3d at 1368-69.

"The government must show an 'interdependence' among the alleged co-conspirators . . . as opposed to a series of smaller, uncoordinated conspiracies." Toler, 144 F.3d at 1426. Yet the government is not required to prove that every alleged conspirator knew every detail about the conspiracy or that each defendant had direct contact with each alleged co-conspirator. Guerra, 293 F.3d at 1285. Rather, the government need only demonstrate that the defendant knew the essential objective of the conspiracy, and the defendant may be convicted even if he played only a minor role in the scheme. Id.

At trial, the government presented evidence that Defendant Hernandez purchased a residence at 480 Heather Court in Bartow, Florida, in June 2005 for $181,500. At the time, Hernandez's monthly mortgage payment was $1394 and his reported taxable income was $2960. During a search of Hernandez's residence, law enforcement seized 170 marijuana plants and supplies used to grow marijuana, such as high-powered lights, a five-ton air conditioner, a carbon dioxide generator and numerous fans. Hernandez admitted growing the marijuana plants in a post-arrest statement to law enforcement.

Hernandez's challenge to the sufficiency of the evidence is not to whether he was growing marijuana plants, but to whether his growing operation was part of a larger marijuana growing conspiracy involving eight different residences and seventeen conspirators. To show that Hernandez participated in the conspiracy, the government presented evidence that Hernandez's marijuana growing operation was strongly similar to those being operated by other conspirators. For example, Hernandez used the same growing medium, equipment and irrigation system, including the use of children's pools. Also, Hernandez's method for diverting electricity to the house was essentially the same as the method used by several of the other grow houses involved in the conspiracy.

In addition, the government showed that Hernandez made repeated visits to

several of the other grow houses. For example, Hernandez's license plate numbers were included on a list of vehicles observed by a neighbor coming and going from one of the grow houses. During law enforcement surveillance, Hernandez was seen at three other grow houses. Three of the grow houses Hernandez visited were operated by Hernandez's cousins, with whom he was closely associated. During the search of Hernandez's house, law enforcement found a card noting what appeared to be an appointment time and listing three other co-conspirators' names, including Hernandez's two cousins. Law enforcement also found mail for one of Hernandez's cousins in Hernandez's residence.

As to Defendant Reyes Rueda, the government presented evidence that he purchased a $127,000 home at 6529 Foxcrest Lane in Lakeland, Florida, in March 2004 and paid $5,500 on the mortgage in 2004. In addition, Reyes Rueda made large cash deposits that far exceeded the $1,100 in income reported on his 2005 tax return. During a search of Reyes Rueda's residence, law enforcement did not find any marijuana plants or growing supplies. However, the search uncovered receipts for a garden supply store for hydroponic gardening supplies, unused money wrappers in denominations totaling $10,000, a notebook containing two co-conspirators' names and addresses and a blank check belonging to a third co-conspirator. Officers also found a trailer on Reyes Rueda's property that was filled

5

with supplies like those found in other conspirators' grow houses, such as light fixtures and light bulbs, air conditioning duct work, children's swimming pools, zip ties used to bind electrical wiring and black garbage bags.

During surveillance, Reyes Rueda met with several of the co-conspirators, including Defendant Hernandez's two cousins, towed his trailer to several of the grow houses on multiple occasions and allowed the trailer to be towed by some of his co-conspirators. For instance, law enforcement observed Reyes Rueda's trailer at Defendant Hernandez's residence at 480 Heather Court and the grow houses operated by Hernandez's two cousins. Law enforcement also observed the trailer being pulled by vehicles owned by Hernandez's two cousins and parked at one of the grow houses at least a dozen times.

Based on this and other circumstantial evidence, and drawing all reasonable inferences in favor of the government, a reasonable jury could find beyond a reasonable doubt that both Defendants Hernandez and Reyes Rueda knowingly and willingly participated in the conspiracy to grow marijuana plants. For the foregoing reasons, Hernandez's and Reyes Rueda's convictions are affirmed.

**AFFIRMED.**